UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT G. TEMPLE,

    Petitioner,

v.                                                   Case No. 5:16cv341/LC/CJK

JULIE JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas case was opened upon petitioner filing a pleading titled "Motion For Leave Of Court To Appoint Petitioner Counsel To File Petition Under 28 U.S.C. § 2254 For A Writ Of Habe[a]s Corpus By A Person In State Custody." (Doc. 1). The undersigned denied the motion on January 3, 2017, on the grounds that (1) because petitioner was a non-capital prisoner, the court lacked jurisdiction to consider his request for appointment of counsel until an actual § 2254 petition was filed, and (2) petitioner's motion for appointment of counsel could not be treated as a substantive habeas petition under § 2254, because the motion did not contain any allegations that, liberally construed, could be sufficient to support a claim for relief under § 2254. (Doc. 2). The undersigned directed the Clerk of Court to send petitioner a § 2254 form so that he could file a § 2254 petition, and advised petitioner

*Page 2 of 4*

that he should file his petition as quickly as possible due to the one-year time limitation of 28 U.S.C. § 2244.  Petitioner was also advised that if a petition was not received within 30 days, this case would be dismissed for failure to prosecute and failure to comply with an order of the court.

Petitioner has now filed a motion for a 90-day extension of time to file a § 2254 petition.  (Doc. 3).  It is unclear whether petitioner is asking the court to extend the § 2244 limitations period, or whether he seeks to extend the 30-day period referenced in the court's January 3, 2017 order.  Regardless, the motion should be denied.  This court does not have jurisdiction to grant petitioner an extension of the limitations period, because an actual § 2254 petition has not been filed.[1]  *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a motion pursuant to 28 U.S.C. § 2255 only if the moving party requests the extension "*upon or after filing an actual section 2255 motion*") (emphasis added); *see also, e.g., Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.  Thus, the district court properly concluded

---

[1] As with petitioner's motion to appoint counsel, petitioner's present motion for extension of time does not contain allegations sufficient to support a claim for relief under § 2254.

*Case No. 5:16cv341/LC/CJK*

that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

To the extent petitioner seeks an extension of the 30-day deadline to comply with the January 3, 2017 order, that request will be denied because it now appears that the Middle District is the more appropriate venue for petitioner's anticipated habeas corpus proceeding. Petitioner's motion for extension of time reveals that the judgment of conviction he plans to challenge (and under which he is in custody) is the judgment and sentence of the Circuit Court for Pinellas County, Florida. As Pinellas County is located within the Middle District, not the Northern District, petitioner should file his § 2254 petition there. A petition filed in this court will be transferred to the Middle District. *See* 28 U.S.C. § 2241(d); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (holding that the primary purpose of 28 U.S.C. § 2241(d) is "of course . . . to provide a more convenient forum for witnesses.").

Accordingly, it is respectfully RECOMMENDED

1. That petitioner's motion for extension of time (doc. 3) be DENIED.

2. That this case be DISMISSED, as petitioner's anticipated § 2254 petition directed at his Pinellas County criminal judgment should be filed in the United States District Court for the Middle District of Florida.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of January, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.